BRANCART & BRANCART
  Christopher Brancart (CBN 128475)
   cbrancart@brancart.com
  Liza Cristol-Deman (CBN 190516)
   lcristoldeman@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

FAIR HOUSING OF MARIN
  Casey Epp (CBN 284139)
   Casey@fairhousingmarin.com
1314 Lincoln Avenue, Suite A
San Rafael, CA 94901
Tel: (415) 457-5025
Fax: (415) 457-6382

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABEL HERNANDEZ, ELIDA CALDERON, and FAIR HOUSING OF MARIN, a California Not-for-Profit Corporation,** | Case No.: |
| Plaintiffs, | **COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |
| vs. | |
| **VICTOR JUAN UNTIVEROS and 4TH & ELM, LLC,** | |
| Defendants. | |

1. Plaintiffs Elizabel Hernandez and Elida Calderon bring this action against their landlord and the maintenance person employed by their landlord for discrimination and harassment on the basis of sex in violation of the federal Fair Housing Act and related state laws. They are joined by Fair Housing of

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

1

Marin, a local non-profit organization that has been injured by the defendants' discriminatory housing practices.

## I. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claim and arise out of a common nucleus of related facts. Plaintiffs' federal and state law claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within Marin County, California.

## II. INTRADISTRICT ASSIGNMENT

4. Pursuant to Local Rule 3-2(c), assignment to the San Francisco or Oakland Division is proper because the claims alleged herein arose in Marin County, California

## III. PARTIES

5. Plaintiff Elizabel Hernandez resides in apartment number 3 at 1145 Elm Drive, in Novato, California, hereafter referred to as the "Elm Drive Apartments." Before she moved into the apartment and during her tenancy, Ms. Hernandez has been sexually harassed by defendant Victor Juan Untiveros. Accordingly, Ms. Hernandez is an aggrieved person within the meaning of the FHA, 42 U.S.C. § 3602(i), and the California FEHA, Government Code § 12927(g).

6. Plaintiff Elida Calderon resides in apartment number 36 at the Elm Drive Apartments. During her tenancy, Ms. Calderon has been sexually harassed by defendant Victor Juan Untiveros. Accordingly, Ms. Calderon is an aggrieved person within the meaning of the FHA, 42 U.S.C. § 3602(i), and the California FEHA, Government Code § 12927(g).

7. Plaintiff Fair Housing of Marin is a nonprofit corporation with a mission of fostering diversity

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**DEMAND FOR TRIAL BY JURY**

**2**

and equal opportunity in housing through education and enforcement of state and federal fair housing laws. It has an office in Marin County, California. It provides fair housing services, among other things, throughout Marin County. One of its specific purposes and goals is the elimination of all forms of illegal housing discrimination. To this end, Fair Housing of Marin's activities include, but are not limited to: (1) investigating allegations of discrimination; (2) counseling complainants about their fair housing rights and responsibilities; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and, (4) providing outreach and education to the community regarding fair housing.

8. According to public records filed with the Marin County Recorder, defendant 4th and Elm LLC owns the Elm Drive Apartments. The Elm Drive Apartments contain approximately 40 units available for rent to members of the general public. The Elm Drive Apartments and all apartments at the Elm Drive Apartments are a "dwelling" within the meaning of the federal Fair Housing Act (FHA), 42 U.S.C. § 3602(b), and a "housing accommodation" within the meaning of the California Fair Employment and Housing Act (FEHA), Government Code § 12927(d).

9. Defendant Victor Juan Untiveros was employed as the maintenance person and assistant manager at the Elm Drive Apartments from approximately 2010 until approximately March 2015. Defendant Victor Juan Untiveros resided in apartment number 1 at the Elm Drive Apartments starting in approximately 2010. In the scope of his employment, he frequently visited each of the apartment units at the Elm Drive Apartments to collect rent, conduct maintenance and repairs, and engage in other activities related to operation and management of the rental properties, including showing and renting apartment units to prospective tenants. Victor Juan Untiveros held himself out to tenants as the assistant manager and the maintenance person. Defendant 4th and Elm LLC delegated these duties, among others to Victor Juan Untiveros.

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**DEMAND FOR TRIAL BY JURY**

10. During the commission of the unlawful practices alleged in this action, each defendant was an "owner" of the Elm Drive Apartments, a definition covering owners, operators, managers and their agents, pursuant to Government Code sections 12927 and 12955.

11. Each and every defendant is and was, in doing the things complained of herein, the agent of its co-defendants herein and was acting within the scope of said agency and/or representation, and each and every defendant herein is jointly and severally responsible and liable to plaintiffs for the damages hereinafter alleged.

12. In committing each of the discriminatory or unlawful acts alleged in this complaint, defendant Victor Juan Untiveros was acting in the course and scope of his duties of operating and maintaining the Elm Drive Apartments. As the owner of the property, 4th and Elm LLC is vicariously liable for the unlawful conduct of Victor Juan Untiveros.

## IV.   FACTS

### A.   Introduction

13. Defendants, acting through defendant Victor Juan Untiveros, have injured plaintiffs by committing the following discriminatory housing practices:

a. Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling because of sex;

b. Threatening, intimidating, or interfering in the use or enjoyment of a dwelling because of sex;

c. Making statements indicating a limitation, preference, or discrimination in the rental of a dwelling based on sex;

d. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made

a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith;

e. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable woman would consider intimidating, hostile, offensive, or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith;

f. Harassing plaintiff Elizabel Hernandez in connection with the rental of a housing accommodation; and,

g. Harassing plaintiff Elida Calderon in connection with the rental of a housing accommodation;

14. In the alternative, 4th and Elm LLC was negligent in the execution of its duties as the owner of the Elm Drive Apartments.

### B. Elizabel Hernandez

15. In or around July 2014, Plaintiff Elizabel Hernandez was visiting the Elm Drive Apartments to see her parents, who were tenants there. At the time, Ms. Hernandez was living in a shelter for survivors of domestic abuse. While she was visiting the Elm Drive Apartments, Mr. Untiveros put his shoulder near her breast and rubbed against her.

16. In or around late August 2014, Ms. Hernandez had resided at the shelter for the maximum time-period allowed and needed a new place to live. At the time, she was visibly pregnant. She spoke to Mr. Untiveros about an upcoming vacancy at the Elm Street Apartments. Mr. Untiveros provided Ms. Hernandez with an application for a one-bedroom apartment.

17. When Mr. Untiveros provided Ms. Hernandez with a rental application, he asked her many personal questions. For instance, he asked about her Facebook page, her pregnancy, and whether she

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

5

was having a boy or girl. Ms. Hernandez responded that she was having a boy. Mr. Untiveros told Ms. Hernandez that he wanted to give her son his last name. Mr. Untiveros went on to say that he treats his women well, and asked, "Wouldn't it be nice if your name was Elizabel Untiveros?" or words to that effect. Ms. Hernandez replied, "No." Mr. Untiveros asked if Ms. Hernandez would marry him so he could give her his last name. Again, Ms. Hernandez said no. Mr. Untiveros told Ms. Hernandez that he treats his women to nice dinners, and buys them nice things, and asked her why she is so boring, or words to that effect.

18. Because of her immediate need for housing, however, she completed her rental application for the Elm Drive Apartments. Ms. Hernandez returned her rental application to Mr. Untiveros in August 2014. She did not hear back from Mr. Untiveros or anyone else about the status of her application. In September 2014, Ms. Hernandez called and spoke with Rod Wilson, the manager of the Elm Drive Apartments and asked about the status of her application. Mr. Wilson directed Ms. Hernandez to speak with Mr. Untiveros.

19. Shortly thereafter, Ms. Hernandez contacted Mr. Untiveros to ask about her application. Mr. Untiveros replied that he "knew about Ms. Hernandez and her men," or words to that effect. He called her a "slut," or words to that effect.

20. Mr. Untiveros told Ms. Hernandez that she cannot have any men over to her apartment, even to visit. This statement caused Ms. Hernandez to worry that Mr. Untiveros would prohibit her son's father from visiting after the baby was born, or perhaps retaliate against them or call the police.

21. Ms. Hernandez was offended and shocked by Mr. Untiveros' comments, questions, and his persistent pressure to have a romantic or sexual relationship with him. She repeatedly told him that she was not interested in having such conversations or having any sort of personal relationship with him. She considered other options, including living on the street, instead of moving into the Elm Drive

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

**6**

Apartments. However, Ms. Hernandez had nowhere else to go with her young son and another son on the way. When Mr. Untiveros told her that she could move in with her parents, she felt she had no choice but to accept.

22. On or around September 3, 2014, Ms. Hernandez moved into apartment number three at the Elm Drive Apartments with her parents and her young son. She later gave birth to a second son.

23. On one occasion after Ms. Hernandez moved in, Mr. Untiveros pulled out a stack of 100-dollar bills. He told Ms. Hernandez, "If you were with me, you wouldn't be wearing this," or words to the effect, and touched Ms. Herdandez's blouse.

24. On another occasion, Mr. Untiveros asked Ms. Hernandez how big her vagina is. Mr. Untiveros went on to say, "Judging by your size, I'd guess it's pretty big," or words to that effect. Then, Mr. Untiveros asked Ms. Hernandez if it [her vagina] was "hairy or shaved," or words to that effect.

25. One day in or around October or November 2014, Ms. Hernandez was putting her son into her vehicle. When she turned around, she saw Mr. Untiveros standing about one foot behind her. She felt very uncomfortable that he was so close to her. She has observed him watching her and standing nearby on many occasions as she enters and exits her vehicle.

26. On or around October 15, 2014, Ms. Hernandez called Fair Housing of Marin to complain about Mr. Untiveros' discriminatory conduct and other problems with her tenancy at the Elm Drive Apartments.

### C. Elida Calderon

27. Plaintiff Elida Calderon moved into the Elm Drive Apartments with her husband and their four minor children in or around 2012. Their rental agreement was negotiated with Mr. Untiveros, who holds himself out as the maintenance man and assistant manager. Ms. Calderon and her family live in apartment number 36.

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

28.     In or around September or October 2013, Ms. Calderon entered her apartment and saw Mr. Untiveros coming out of her bedroom. Mr. Untiveros had been alone in her apartment. When Ms. Calderon asked Mr. Untiveros what he was doing, he responded that he came to look at her screens. However, neither Ms. Calderon nor her husband had requested repairs, and they had not received any advance notice of Mr. Untiveros' visit. Mr. Untiveros left the apartment.

29.     In or about March 2014, Ms. Calderon was alone in her bedroom, changing her clothes, when she heard the apartment door open. When Ms. Calderon came out of her bedroom, she observed that Mr. Untiveros and another man were in her apartment. Mr. Untiveros had used his key to enter her apartment.  He told her they were there to fumigate.  However, Ms. Calderon did not receive any notice regarding a fumigation, and Mr. Untiveros did not knock on the door or ring the doorbell before he entered her home. Ms. Calderon asked Mr. Untiveros and the other man to leave. She asked Mr. Untiveros why he had not told her that he was going to fumigate. Mr. Untiveros replied that she was a "stupid" person who should just do what he said, or words to that effect. In response, Ms. Calderon told Mr. Untiveros he needed to leave or she was going to call the police. Mr. Untiveros called her "stupid" again and left her apartment.

30.     Ms. Calderon immediately complained to the property manager, Rod Wilson. Mr. Wilson does not speak Spanish, and Ms. Calderon speaks only limited English.  Initially, Mr. Wilson greeted Ms. Calderon by handing her a bill for $250, claiming that one of Ms. Calderon's visitors had made a mess in the parking area. Ms. Calderon told Mr. Wilson that she would pay the bill, and then described Mr. Untiveros' unauthorized entries into her apartment.  Mr. Wilson then rescinded the $250 bill, ripping it up in Ms. Calderon's presence.

31.     On another occasion in or around April or May 2014, Mr. Untiveros approached Ms. Calderon after she parked her car in the parking lot. He stated, "I can help you out with the rent and any problems

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

8

with the manager," or words to that effect. He continued, "Just be affectionate with me," or words to that effect. Ms. Calderon told Mr. Untiveros that she loved her husband and was not interested in Mr. Untiveros' offer. She stated that she had no problems with the rent. Mr. Untiveros added that she should just remember that "this is an option, in case you have rent problems," or words to that effect.

32. On numerous occasions, particularly when Ms. Calderon requested repairs to her apartment, Mr. Untiveros threatened to call the U.S. Department of Immigration and Customs Enforcement ("ICE"). He told her that if she called the police or tried to sue him, he would report her family to ICE. Mr. Untiveros claimed to be on the telephone with his "friends at ICE" and made threatening comments to Ms. Calderon, such as, "I'm friends with the Sheriff," and "the sheriff will take you away," and "be careful because they'll call immigration," or words to that effect.

### D. Plaintiff Fair Housing of Marin's Investigation

33. Plaintiff Elizabel Hernandez contacted Plaintiff Fair Housing of Marin ("FHOM") by phone on October 15, 2014, to complain about sexual harassment by Victor Juan Untiveros. Over the ensuing months, FHOM staff members counseled Ms. Hernandez regarding her legal rights and responsibilities, and collected information and documentation as part of their investigation into defendants' discriminatory housing practices.

34. FHOM received a referral from Legal Aid of Marin on October 9, 2014, that Elida Calderon complained about sexual harassment by Victor Juan Untiveros. Over the ensuing months, FHOM staff members counseled Ms. Calderon regarding her legal rights and responsibilities, and collected information and documentation as part of their investigation into defendants' discriminatory housing practices.

35. In addition, FHOM had previously received a complaint from another tenant at the Elm Drive Apartments alleging sexual harassment by Mr. Untiveros. That complaint was investigated by FHOM

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

9

staff members and filed with the California Department of Fair Employment and Housing. The complaint has since been settled. The prior complainant's allegations, and the investigation done by FHOM in response to her complaint, corroborate the allegations of discriminatory housing practices at the Elm Drive Apartments made by Elizabel Hernandez and Elida Calderon.

36. To counteract the effects of defendants' discriminatory acts on their mission, on June 3, 2014, FHOM staff members distributed fair housing literature to a portion of current residents of the Elm Drive Apartments to inform them of their fair housing rights. In November 2014, March 2015 and April 2015, FHOM staff members sent emails with fair housing brochures to several social service providers in Marin for distribution to potential victims of sexual harassment.

### E. Injuries

37. As a result of defendants' unlawful conduct, Plaintiffs Elizabel Hernandez and Elida Calderon have suffered emotional distress, including humiliation, embarrassment, mental anguish and attendant bodily injury, violation of their civil rights, and loss of dignity. Ms. Hernandez and Ms. Calderon also have suffered an invasion to their private right of occupancy, depriving them of the full use and enjoyment of their tenancy. Accordingly, they are entitled to compensatory damages.

38. Defendants' discriminatory actions: (1) impaired and frustrated Fair Housing of Marin's mission of eliminating discriminatory housing practices by requiring it to devote resources on programs and activities to counteract defendants' discriminatory housing practices; and, (2) forced Fair Housing of Marin to divert its scarce resources away from other activities and programs it would have undertaken such as counseling, educational and training programs, and outreach, in order to identify and counteract the defendants' unlawful housing practices.

39. In committing the unlawful acts alleged in this complaint, defendants acted with reckless disregard of plaintiffs' federally protected rights. Accordingly, plaintiffs are entitled to punitive

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**DEMAND FOR TRIAL BY JURY**

damages.

40. There now exists an actual controversy between plaintiffs and defendants regarding defendants' duties under the federal and state fair housing laws. Accordingly, plaintiffs are entitled to declaratory relief.

41. Unless enjoined, defendants will continue to engage in the discriminatory housing practices alleged in this complaint. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and the pattern or practice of discrimination unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief under federal and state law.

## V.  CLAIMS

### A.  First Claim

**[Fair Housing Act]**

*[All Plaintiffs vs. All Defendants]*

42. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

43. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

### B.  Second Claim

**[California Fair Employment and Housing Act]**

*[All Plaintiffs vs. All Defendants]*

44. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

45. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

California Fair Employment and Housing Act, California Government Code §§ 12927, 12955, *et seq.*

## C. <u>Third Claim</u>

### [California Unruh Civil Rights Act]

*[All Plaintiffs except Fair Housing of Marin v. All Defendants]*

46.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

47.   Defendants injured plaintiffs Elizabel Hernandez and Elida Calderon by committing unlawful practices in violation of the Unruh Civil Rights Act, California Civil Code §§ 51- 52 by discriminating against women in the operation of a rental dwelling, a business establishment.

48.   Under this claim, plaintiffs are entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

## D. <u>Fourth Claim</u>

### [California Bane Act]

*[All Plaintiffs except Fair Housing of Marin v. All Defendants]*

49.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

50.   Defendants injured plaintiffs Elizabel Hernandez and Elida Calderon by using threats, intimidation or coercion, with the intent or effect of interfering with plaintiffs' exercise of their rights secured by federal and state laws, including but not limited to the Fair Housing Act and Fair Employment and Housing Act, in violation of the Bane Act, California Civil Code § 52.1.

51.   Under this claim, plaintiffs Elizabel Hernandez and Elida Calderon are entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

## E. <u>Fifth Claim</u>

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

**[California Ralph Act]**

*[All Plaintiffs except Fair Housing of Marin v. All Defendants]*

52. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

53. Defendants injured plaintiffs Elizabel Hernandez and Elida Calderon by engaging in intimidation against their person or property because of sex in violation of the Ralph Act, California Civil Code § 51.7.

54. Under this claim, plaintiffs Elizabel Hernandez and Elida Calderon are entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

### F. Sixth Claim

**[California Civil Code § 51.9]**

*[All Plaintiffs except Fair Housing of Marin v. All Defendants]*

55. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

56. Defendants injured plaintiffs Elizabel Hernandez and Elida Calderon by engaging in sexual harassment in violation of the Ralph Act, California Civil Code § 51.9.

57. Under this claim, plaintiffs Elizabel Hernandez and Elida Calderon are entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

### G. Seventh Claim

**[Negligence]**

*[All Plaintiffs vs. All Defendants]*

58. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

59. Defendants injured plaintiffs by want of ordinary care or skill, in the management of their property, person, or agents in violation of California Civil Code § 1714.

### H. Eighth Claim

### [Covenant of Quiet Use and Enjoyment]

### [*All Plaintiffs except Fair Housing of Marin v. All Defendants*]

60. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

61. Defendants injured plaintiffs Elizabel Hernandez and Elida Calderon by invading their private right of occupancy and infringing upon their right to the quiet and private use, enjoyment, and possession of their dwellings in violation of Civil Code §§ 1927 and 1940.2.

### J. Ninth Claim

### [Invasion of Privacy]

### [*All Plaintiffs except Fair Housing of Marin v. All Defendants*]

62. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

63. Defendants injured the plaintiffs Elizabel Hernandez and Elida Calderon by invading their right to privacy, as protected under Civil Code §§ 43, 1708 and 3333, and the California Constitution, Art. I, § 1.

### VI. RELIEF

Therefore, plaintiffs pray for entry of a judgment against defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Awards statutory damages and civil penalties pursuant to the Unruh Civil Rights Act, Bane Act, Ralph Act, and California Civil Code;

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY**

**14**

3. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

4. Enjoins all unlawful practices alleged in this complaint and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless of their sex;

5. Awards costs of this action, including reasonable attorneys' fees; and,

6. Awards all such other relief as the Court deems just.

## VII.   JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand trial by jury.

Dated: October 1, 2015.

                                 Respectfully submitted,

                                 BRANCART & BRANCART

                                 */s/ Liza Cristol-Deman*
                                 Attorneys for Plaintiffs

                                 FAIR HOUSING OF MARIN

                                 */s/ Casey Epp*
                                 Attorneys for Plaintiffs