1  P. RICHARD COLOMBATTO, ESQ. – State Bar No. 79895
   **STRATMAN, PATTERSON & HUNTER**
2  Mailing Address
   P.O. Box 258829, Oklahoma City, OK 73125-8829
3  Physical Address
   505 14th Street, Suite 400
4  Oakland, CA  94612-1913
   Phone:  (510) 457-3440
5  Fax:  (510) 238-8968

6  Attorney for Defendant,
   4TH & ELM, LLC
7

8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12

13

14 | ELIZABEL HERNANDEZ, ELIDA CALDERON, and FAIR HOUSING OF MARIN, a California Not-For-Profit Corporation, | Civil Action No. C-15-4523-KAW

15 | | **ANSWER OF DEFENDANT 4TH & ELM, LLC TO COMPLAINT OF PLAINTIFFS FOR INJUNCTIVE RELIEF AND DAMAGES**

16 | Plaintiffs, |

17 | vs. | **DEMAND FOR JURY**

18 | VICTOR JUAN UNITIVEROS and 4TH & ELM, LLC, et al., | **Complaint Filed: 10/1/15**

19 | Defendants. |

20

21
        Defendant 4TH & ELM, LLC hereby responds to the Complaint of ELIZABEL HERNANDEZ,
22
   ELIDA CALDERON, and FAIR HOUSING OF MARIN, a California Not-For-Profit Corporation as
23
   follows:
24
        1.    As to paragraph 1 of Plaintiffs' Complaint, this paragraph contains Plaintiffs' standing
25
   allegations, to which no response is required.
26

27

28

---
ANSWER TO COMPLAINT - 1

# 1. JURISDICTION AND VENUE

2. As to paragraphs 2 of Plaintiffs' Complaint, this paragraph contains Plaintiffs' jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations except to admit that this Court currently has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §3131 and §1367 but deny that supplemental/ pendant jurisdiction exists over Plaintiffs' state law claims. As such, Defendant reserves the right to move the Court for dismissal of Plaintiffs' state law claims at an appropriate time.

3. As to paragraph 3 of Plaintiffs' Complaint, this paragraph contains Plaintiffs' venue allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations except to admit that venue is proper pursuant to 28 U.S.C. §3191, but deny that supplemental/ pendant jurisdiction exists over Plaintiffs' state law claims. As such, Defendant reserves the right to move the Court for dismissal of Plaintiffs' state law claims at an appropriate time.

## II INTRADISTRICT ASSIGNMENT

4. As to paragraph 4 of Plaintiff's Complaint, this paragraph contains Plaintiffs' assignment allegations, to which no response is required. To the extent a response is deemed required, Defendant admits the allegations.

## III PARTIES

5. As to paragraph 5 of Plaintiffs' Complaint, Defendant admits that Plaintiff Hernandez is a tenant residing in apartment 3 at 1145 Elm in Novato, California. Except as so admitted and as to the remainder of the allegations of paragraph 5 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the said allegations contained therein, and on that basis denies each and every allegation.

6. As to paragraph 6 of Plaintiffs' Complaint, Defendant admits that Plaintiff Calderon is a tenant residing in apartment 36 at 1145 Elm in Novato, California. Except as so admitted and as to the

remainder of the allegations of paragraph 5 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the said allegations contained therein, and on that basis denies each and every allegation.6. As to paragraph 7 of Plaintiff's Complaint, Defendants deny the allegations.

7. As to paragraph 7 of Plaintiffs' Complaint, this paragraph contains Plaintiffs' standing allegations, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the said allegations contained therein, and on that basis denies each and every allegation.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. As to paragraph 9 of Plaintiff's Complaint, Defendant admits that Victor Juan Untiveros resided in apartment 1 of the subject premises starting in approximately 2010 and occasionally worked for Smart Value Real Estate Services, Inc., the property management company hired by defendant to manage the subject property. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

10. As to paragraph 10 of Plaintiffs' Complaint, Defendant admits it was the owner of the subject property within the definitions of Government Code §12927 and §12955, but denies the remaining allegations therein.

11. As to paragraph 11 of Plaintiffs' Complaint, Defendant denies the allegations.

12. As to paragraph 12 of Plaintiffs' Complaint, Defendant denies the allegations.

## IV. FACTS

### A. Introduction

13 (a) – (g). As to paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations therein contained. As to sub-paragraphs (a) through (g), Defendant lacks sufficient knowledge or

information to form a belief as to the truthfulness of the said remaining allegations contained therein, and on that basis, denies each and every allegation.

14. As to paragraph 14 of Plaintiffs' Complaint, Defendant denies the allegations.

15. As to paragraph 15 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

16. As to paragraph 16 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

17. As to paragraph 17 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

18. As to paragraph 18 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

19. As to paragraph 19 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis deny each and every allegation.

20. As to paragraph 20 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

21. As to paragraph 21 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

22. As to paragraph 22 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

23. As to paragraph 23 of Plaintiff's Complaint, Defendant admits that Ms. Hernandez may have moved in with her parents and son at the subject residence, but except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

24. As to paragraph 24 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

25. As to paragraph 25 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

26. As to paragraph 26 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

27. As to paragraph 27 of Plaintiffs' Complaint, Defendant admits that Elida Calderon moved into apartment 36 of the subject premises with her husband and minor child in or about 2012 but except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

28. As to paragraph 28 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

29. As to paragraph 29 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

30. As to paragraph 30 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

31. As to paragraph 31 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

32. As to paragraph 32 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

33. As to paragraph 33 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

34. As to paragraph 34 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

35. As to paragraph 35 of Plaintiffs' Complaint, Defendant admits that there had been a prior tenant complaint about sexual harassment by Victor Juan Untiveros that was filed with the California Department of Fair Employment and Housing that was mediated and settled. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

36. As to paragraph 36 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis denies each and every allegation.

37. As to paragraph 37 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

38. As to paragraph 38 of Plaintiffs' Complaint, Defendant denies the allegations.

39. As to paragraph 39 of Plaintiffs' Complaint, Defendant denies the allegations.

40. As to paragraph 40 of Plaintiffs' Complaint, Defendant denies the allegations.

41. As to paragraph 41 of Plaintiffs' Complaint, Defendant denies the allegations.

## VI CLAIMS

### FIRST CLAIM (Fair Housing Act)

42. Defendant refers to and incorporates by reference paragraphs 1 through 41 of this Answer as though fully set forth herein.

43. As to paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations.

### SECOND CLAIM (California Fair Employment and Housing Act)

44. Defendant refers to and incorporates by reference paragraphs 1 through 43 of this Answer as though fully set forth herein.

45. As to paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations.

### THIRD CLAIM (CA Unruh Act)

46. Defendant refers to and incorporates by reference paragraphs 1 through 45 of this Answer as though fully set forth herein.

47. As to paragraph 47 of Plaintiff's Complaint, Defendant denies the allegations.

48. As to paragraph 48 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

### FOURTH CLAIM (CA Bane Act)

49. Defendant refers to and incorporates by reference paragraphs 1 through 48 of this Answer as though fully set forth herein.

50. As to paragraph 50 of Plaintiff's Complaint, Defendant denies the allegations.

51. As to paragraph 51 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

### FIFTH CLAIM (CA Ralph Act)

52. Defendant refers to and incorporates by reference paragraphs 1 through 51 of this Answer as though fully set forth herein.

53. As to paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations.

54. As to paragraph 54 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

### SIXTH CLAIM (CA Civil Code 51.9)

55. Defendant refers to and incorporates by reference paragraphs 1 through 54 of this Answer as though fully set forth herein.

56. As to paragraph 56 of Plaintiff's Complaint, Defendant denies the allegations.

57. As to paragraph 57 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained therein, and on that basis, denies each and every allegation.

## SEVENTH CLAIM (Negligence)

58. Defendant refers to and incorporates by reference paragraphs 1 through 57 of this Answer as though fully set forth herein.

59. As to paragraph 59 of Plaintiff's Complaint, Defendant denies the allegations.

## EIGHTH CLAIM (Covenant of Quiet Use and Enjoyment)

60. Defendants refer to and incorporate by reference paragraphs 1 through 59 of this Answer as though fully set forth herein.

61. As to paragraph 61 of Plaintiff's Complaint, Defendant denies the allegations.

## NINTH CLAIM (Invasion of Privacy)

62. Defendants refer to and incorporate by reference paragraphs 1 through 61 of this Answer as though fully set forth herein.

63. As to paragraph 63 of Plaintiff's Complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

As and for separate and distinct affirmative defenses to Plaintiffs' Complaint on file herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

That the Complaint and each of the alleged causes of action fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

That all times mentioned in the Complaint, the Plaintiffs so carelessly, recklessly and negligently conducted and maintained themselves so as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by Plaintiff s and therefore said negligence completely bars any recovery or in the alternative, it reduces the right of

recovery by that amount said negligence contributed to this incident as set forth under the doctrine of comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

That if there was any negligence and carelessness contributing to the damages and/or injuries alleged in the Complaint, it was the negligence and carelessness of some entity or individual other than this answering Defendant or any person for whose acts or omissions Defendant is responsible legally.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring each and every cause of action alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

That Plaintiffs failed to exercise reasonable care and diligence to mitigate any damages sustained by reason of defendant's alleged acts. Therefore, any damages awarded to Plaintiffs shall be limited to the damages Plaintiffs would have sustained had Plaintiffs mitigated her damages.

### SIXTH AFFIRMATIVE DEFENSE

That Plaintiffs are barred from any recovery as to this answering defendant, in that any damage proven to have been sustained by Plaintiffs was the direct and proximate result of the independent and superseding action of other persons or parties over whom Defendant had no control or right of control, and not due to any act or omission on the part of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

That the Complaint and each alleged cause of action thereof, fails to state facts sufficient to constitute a cause of action in that said complaint, and each cause of action thereof, is barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is relieved of any liability as to Plaintiffs' claim for damages to the extent Plaintiff s seek redress for physical and emotional injuries arising from preexisting physical or mental condition(s).

## NINTH AFFIRMATIVE DEFENSE

That said Complaint, and each cause of action therein, fails to state facts sufficient to warrant an award of attorney fees.

## TENTH AFFIRMATIVE DEFENSE

To the Complaint and each and every cause of action thereof, answering Defendant alleges that the action filed in this case is not maintainable under the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

To the Complaint and each and every cause of action thereof, answering Defendant alleges that Plaintiffs in this case are barred from recovery under the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting the allegations in the Complaint by reason of the acts and omissions of Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the Complaint and each and every cause of action thereof, Defendant's actions with respect to the matters alleged in the Complaint were at all times undertaken in good faith, in compliance with and reliance upon the governmental bodies and agencies charged with overseeing and approving such matters.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein, is barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein, is barred by the doctrine of unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

That said Complaint, and each cause of action therein, fails to state facts sufficient to warrant an award of exemplary or punitive damages.

## ADDITIONAL DEFENSES

Investigation and discovery in this lawsuit is at an early stage, accordingly, additional factual information responsive to Plaintiffs' allegations might become known. Therefore, Defendant reserves the right to amend this Answer to allege additional factual information, and affirmative defenses based on subsequent discovery or new or different facts, or subsequent appreciation of currently known facts.

WHEREFORE, Defendant respectfully requests:

1. That Plaintiffs take nothing by way of Plaintiffs' Complaint;

2. That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

3. That the Court enter judgment in favor of Defendant and against Plaintiffs on each claim;

4. That Defendant be granted reasonable attorneys' fees, costs and expenses; and

5. That the court awards such other and further relief as it deems just and proper.

## JURY DEMAND

Defendant respectfully demand trial by jury pursuant to FRCP Rule 38.

## NOTICE

By placing the following statement in the answer, neither Defendants nor their counsel waives any privilege or objection regarding the admissibility of the following statement (or the existence of insurance coverage for the defendant), and requests that this statement be redacted as may be necessary and appropriate to protect the defendant.

All attorneys and staff of the office of Stratman, Patterson & Hunter are employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies, and not a partnership.

DATED: November 3, 2015                    STRATMAN PATTERSON & HUNTER



BY: _____
    P. RICHARD COLOMBATTO, ESQ.
    Attorney for Defendant, 4TH & ELM, LLC

Re: <u>Hernandez v. Untiveros, et al.</u>
Case Number: C15-4523-KAW

## CERTIFICATE OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 505 14th Street, Suite 400, Oakland, CA 94612-1913.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on November 5, 2015, I transmitted the document(s) named below to the following persons by electronically filing the documents on the Court's ECF system.

**ANSWER OF DEFENDANT 4TH & ELM, LLC TO COMPLAINT OF PLAINTIFFS FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 5, 2015, at Oakland, California.

_____
ADRIANA CADENA

Re: <u>Hernandez v. Untiveros, et al.</u>
Case Number: C15-4523-KAW

## SERVICE LIST

Christopher Brancart, Esq.
Brancart & Brancart
P.O. Box 686
Pescadero, CA 94060
Attorney for, Elizabel Hernandez, Elida Calderon, and air Housing of Marin
Phone: (650) 879-0141
Fax: (650) 879-1103

Casey Epp, Esq.
Fair Housing of Marin
1314 Lincoln Avenue, Suite A
San Rafael, CA 94901
Attorney for Plaintiffs, Elizabel Hernandez, Elida Calderon, and air Housing of Marin
Phone: (415) 457-5025
Fax: (415) 457-6382